UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY WAYNE PAIGE,<br><br>Defendant. | No. 2:14-cr-00062-TLN<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR TRANSFER TO A DIFFERENT FACILITY AND APPOINTMENT OF COUNSEL** |

     Defendant, a federal prisoner proceeding pro se, has written to the Court requesting transfer to another facility or placement in a re-entry program. (ECF No. 77.) Defendant has also requested the Court appoint counsel to represent him in a civil case he filed in the Northern District of California. (ECF No. 78.) For reasons discussed below, the Court DENIES Defendant's requests.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2016, this Court sentenced Defendant to 61 months imprisonment and *recommended* the Bureau of Prisons ("BOP") house him at an institution in Fairton, New Jersey, "but only insofar as this accords with security classification and space availability," and allow him to participate in the 500-Hour Bureau of Prisons Substance Abuse Program. (ECF Nos. 65 & 66.) In May 2016, Defendant wrote to the Court stating he had been "wrongly" housed in a different facility and staff had not allowed him to make legal phone calls to the attorney who represented him in the criminal case for which he had been sentenced. (ECF Nos. 71 & 72.)

The Court responded by minute order stating,

> The Court is in receipt of Defendant's letters (ECF Nos. 71 and 72) complaining about his security classification and housing location. As noted at the time of sentencing, the Court can only recommend housing locations, but the recommendation is subject to the security classification of the Defendant and space availability to be determined by the Bureau of Prisons. Therefore, the Defendant seeks relief not available from this Court and any future requests will be ignored. If Defendant is being denied access to his attorney as alleged, Defendant must address this issue through the inmate grievance system first, and then when appropriate may file a proper motion with this Court. Again, all future requests improperly filed will not receive a response from this Court.

(ECF No. 73.) Defendant has written to the Court again, stating that in August 2017 he had been assigned to a 12-month re-entry program and an assembly line job at Staffing Solutions in Fremont, California. (ECF No. 77 at 2.) Defendant states that when a relative informed him that Defendant's aunt had died, Defendant punched a wall in grief but then disclosed his actions to his social worker and offered to pay for any damage. (ECF No. 77 at 2.) Defendant states the U.S. Marshals "arrested" him several days later for damaging the wall and he lost his place in the re-entry program and his job. (ECF No. 77 at 2.) Defendant asks the Court for a resolution to the issue that will allow him to return to the re-entry program and his job. (ECF No. 77 at 3.)

Defendant separately moves this Court to appoint counsel to represent him in a civil case he filed in the Northern District of California, Case No. 4:17-cv-06116-DMR, and to order the BOP to transfer him to Sacramento for assignment to a re-entry program in California or Nevada. (ECF No. 78 at 2–3.)

## II.     PLACEMENT IN A RESIDENTIAL RE-ENTRY PROGRAM

Defendant seeks an order from this Court to the BOP for placement in a residential re-entry program.  (ECF No. 77 at 3; ECF No. 78 at 2.)  As this Court has already explained to Defendant, (ECF No. 73), the Court can only *recommend* placement in a re-entry program, and the Court's recommendation is not binding on the BOP.  18 U.S.C. § 3621(b).

"Two statutory provisions govern the BOP's authority to place inmates in its custody in [residential re-entry program]: 18 U.S.C. §§ 3621(b) and 3624(c)."  *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010).  Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [residential re-entry program]."  *Id.*  Section 3624(c)(1), as amended by the Second Chance Act of 2007, provides that the BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c)(1).  A sentencing court may make a recommendation that a prisoner serve a term of imprisonment in a residential re-entry program.  18 U.S.C. § 3621(b).  A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has "no binding effect" on the BOP *to determine or change* a prisoner's placement.  18 U.S.C. § 3621(b).  This Court is unable to grant the relief Defendant requested.  Accordingly, the Court DENIES Defendant's motion for an order for placement in a residential re-entry program or transfer to a different facility.

## III.    APPOINTMENT OF COUNSEL

Defendant moves the Court to appoint counsel to represent him.  (ECF No. 78 at 1.)  Defendant requests a specific attorney in the Office of the Federal Defender.  (ECF No. 78 at 1.)  Defendant states he requires representation regarding "civil violations by staff" in relation to which the Defendant has filed suit in the Northern District of California.  (ECF No. 78 at 1.)  The Defendant states these "violations" include not assigning him to a treatment program, removal from the re-entry program, and loss of the job associated with that program.  (ECF No. 78 at 2.)

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (citing *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir.1981)). In "exceptional circumstances," however, a district court may request the voluntary assistance of willing counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(d). *Id.* (citing *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980)).

Defendant requests a federal criminal defense attorney to represent him in his civil case in another district. (ECF No. 78 at 1–2.) Defendant's criminal case before this Court was closed in 2016 after his conviction and sentencing. *See generally*, 2:14-cr-00062. The civil case for which he is requesting appointed counsel is pending in a court in a different district, the Northern District of California. (ECF No. 78 at 3.) This Court cannot appoint a federal criminal defense attorney to represent Defendant in a civil case in which Defendant is the plaintiff. This Court cannot search for voluntary pro bono counsel to represent Defendant in a court in a different district. This Court is unable to grant the relief Defendant requested. Accordingly, the Court DENIES Defendant's request for appointment of counsel.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motions for assignment to a re-entry program, transfer to a different facility, and appointment of counsel (ECF Nos. 77 & 78.)

IT IS SO ORDERED.

Dated: December 12, 2017

Troy L. Nunley
United States District Judge

4